(No. 4—Claim denied.)

ROBBINS INCORPORATED, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed January 28, 1925.*

FISH AND GAME—*state not liable for confiscating when.* The State is not liable for an unauthorized and unlawful act of its agents in the confiscation of unlawful fish.

AGENTS OF STATE—*state not bound by admissions of.* Agents of the State cannot by casual admissions admit away the rights of the State.

SAME—*state not liable when.* The State is not liable for the torts of its agents or officers.

DAVID B. GANN, for claimant.

EDWARD J. BRUNDAGE, Attorney General; FLOYD E. BRITTON, Assistant Attorney General, for respondent.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

The claimant in this case is an Illinois corporation, with its main office at Chicago, engaged in the business of buying, storing and selling fish, etc., alleges in its declaration that in July, 1920, plaintiff was the consignee for a large amount of fish shipped to it by various companies from Eriean, Ontario, Canada, and the shipments amounted to about four thousand pounds of Lake Erie ciscoes (fish).

That said fish shipped were packed in boxes properly labeled and tagged as "ciscoes," and that the said fish on being inspected by the duly authorized agent of the Department of Agriculture of the State of Illinois, Division of Fish and Game, were confiscated by such agents or officers of the State on the ground that they were undersized white fish, prohibited under Section 23 of the then existing Fish and Game Act (*Hurd's Revised Statutes*, 1919, Chap. 56, Par. 23).

It is claimed that the value of the fish so confiscated was $514.00 and asks judgment of the court for that amount.

The defendant filed general demurrer, and evidence was taken as if general issue were filed. The State offers no evidence and contends that the State is not liable, on the ground that if this was an unauthorized and unlawful confiscation of lawful fish, it constituted a tort of the agent of the State directing the confiscation; that this claim is an action for the damages on account of such tort; and that the State is not liable for such tort, and cites in support of its contention the case of *Gibbon* v. *U. S.*, 8 Wall 268: "No government has

ever held itself liable to individuals for the misfeasance, laches, or unauthorized exercise of power by its officers and agents whom it employs, etc."

Also, that same rule applies in this State. In *Minear* v. *State Board of Agriculture,* where it is said that, "If, as we held, the State Board of Agriculture is an agency of the State in the exercise of its government functions, it is not liable under the common law for injuries claimed to have been sustained as a result of its negligence," etc., and for reasons agreed and supported by such citations the State maintains that the demurrer should be sustained. The evidence is clear and rather voluminous to the effect that no white fish at all were in the shipment so confiscated; and it is shown that a certain officer of agriculture department admitted that perhaps the confiscation was a mistake.

If the agents made the mistake as contended they were trespassers and guilty of a tort. The State is not liable in such cases for the torts of its agents or any official of the State, has been repeatedly held by this court, the State court and the U. S. Supreme Court.

On personal inspection by the court, it has been ascertained that the claimants never have brought this matter to the attention of the "Game and Fish Department."

It is contended that one of the State's agents admitted, *after* the confiscation of the fish, that the State had perhaps made a mistake. Such statement, if made by an agent *after* the *occurrence,* was not proper to be given in evidence and does not bind the State. Agents of the State cannot by casual admissions admit away the rights of the State.

The agents in the confiscation of the fish are presumed to have acted intelligently and without undue haste. If their conduct in the confiscation of the property was a trespass, the aggrieved parties had another remedy than the one at bar. The demurrer will be sustained and case dismissed.